<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HAWTHORN SUITES FRANCHISING, INC.** a Georgia Corporation,<br><br>               Plaintiff,<br>v.<br><br>**MERIDEN ONE LODGING, LLC**, a Connecticut limited liability company; and **JONATHAN KERR**, an individual,<br><br>               Defendants. | Civil Action No. 13-5893 (WJM)<br><br><br><u>**MEMORANDUM OPINION**</u> |

**<u>FALK, U.S.M.J.</u>**

*Pro se* Defendant Jonathan Kerr has moved to transfer venue to the United States District Court for the District of Connecticut. [CM/ECF No. 8.] Plaintiff has opposed the motion. For the reasons that follow, Defendant's motion is **DENIED**.

### <u>BACKGROUND</u>

Plaintiff Hawthorn Suites Franchising, Inc. ("HSF") is a corporation with its principal place of business in New Jersey. (Compl., ¶ 1.) Defendant Meriden One Lodging, LLC ("Meriden One") is a corporation with its principal place of business in Connecticut. (Compl., ¶ 2.) Defendant Jonathan Kerr ("Kerr") is a Connecticut citizen

and a principal of Meriden One.  (Compl., ¶¶ 3-4.)

On March 4, 2011, Meriden One entered into a License Agreement ("License Agreement") with HSF for the operation of a 106-room guest lodging facility in Meriden, Connecticut.  (Compl., ¶ 9.)  On the same day, Kerr executed a Guaranty pursuant to which he agreed to guaranty the obligations of Meriden One under the License Agreement.  (Compl., ¶ 20.)

On October 4, 2013, Plaintiff filed the Complaint in this matter alleging various breaches of the License Agreement and Guaranty.  The Complaint asserts venue is proper in New Jersey pursuant to section 13(M) of the License Agreement which provides:

> Any litigation . . . shall be instituted . . . exclusively at our discretion in the state or federal court of general jurisdiction closet to [HSF's] current principal business address.  You expressly agree that you are subject to the jurisdiction and venue of those courts for purposes of such litigation.  You hereby waive and covenant not to assert any claim that . . . venue in those courts is for any reason improper, inconvenient, prejudicial or otherwise inappropriate. . . .

(Compl., ¶ 8; License Agreement, attached as Exhibit A to Complaint, section 13(M).) The operative language contained in the Guaranty signed by Kerr governing jurisdiction and venue is virtually identical to the language contained in the License Agreement. (Guaranty, attached as Exhibit C to Complaint.)

In a one page document, Kerr now requests a "change of venue" to the United States District Court for the District of Connecticut.  [CM/ECF No. 8.]  Kerr maintains that the case should be transferred because "[s]everal meetings with [Plaintiff] and

"[e]xecution and delivery of documents" were conducted in Connecticut. (Id.) Kerr also asserts that he never entered the State of New Jersey.[1]

## DISCUSSION

Plaintiff contends that venue is proper in New Jersey. Plaintiff argues that the forum selection provision contained in the License Agreement and Guaranty should be enforced. Plaintiff also contends that, independent of the forum selection provision, the case is properly venued here. The Court agrees.

### A. The Forum Selection Clause is Enforceable

Forum selection clauses are entitled to great weight and are presumptively valid. Wall St. Golf, LLC v. Aubrey, 189 Fed. Appx. 82, 84 (3d Cir. 2006). Forum selection clauses are generally enforced unless the objecting party establishes (1) that it is the result of fraud or overreaching; (2) the enforcement would violate a strong public policy of the forum; or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unrealistic. See Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 202 (3d Cir. 1983). A valid forum selection clause is "treated as a manifestation of the parties' preferences as to a convenient forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995). A forum selection clause "should control absent a strong showing that it should be set aside." Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). A party contesting

---

[1] On February 24, 2014, Defendant Kerr requested an extension of time to submit reply papers. The Undersigned granted the request and provided Defendants until April 14, 2014, to submit any additional papers. To date, nothing further has been received, leaving only Plaintiff's original, single paragraph submission to support his request.

enforcement of a forum selection provision bears the heavy burden of demonstrating why enforcement would be unreasonable. Id.

The forum selection provision governing venue is enforceable.  Defendants agreed to be subject to the jurisdiction and venue of a court selected by Plaintiff closest to its principal business address which, in this instance, is New Jersey.  Defendants further waived any right to claim that venue is improper for any reason.  Consent to venue clauses, such as the one in the License Agreement and Guaranty, are routinely upheld, including in the franchise litigation context.  See, e.g., Ramada Worldwide v. Grand Rios Investments, LLC, 2013 WL 5773085, at *2-3 (D.N.J. Oct. 23, 2013); Days Inns v. Worldwide, Inc. v. Royal Hospitality Group, LLC, 2013 WL 538343, at *4 (D.N.J. Feb. 13, 2013).  Defendants have waived any objections to venue in New Jersey.

Moreover, Kerr makes no allegations or showing whatsoever that the forum selection clause was the product or fraud or overreaching, violative of public policy, or so gravely difficult that it would essentially deprive him of his day in court.  See Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1219 (3d Cir. 1991).  Kerr has not met his heavy burden of establishing that the forum selection clause should not be enforced.  Thus, the case is properly venued in New Jersey.

B. **Analysis under 28 U.S.C. 1404(a) does not warrant transfer**

Section 1404(a) provides broad authority to transfer a case to another district "where it may have been brought," when doing so is "in the interest of justice" and serves "the convenience of parties and witnesses."  28 U.S.C. § 1404(a).  The decision to transfer a case under Section 1404(a) is a highly discretionary one.  See Plum Tree, Inc. v.

Stockment, 488 F.2d 754, 756 (3d Cir. 1973).  The moving party bears the burden of establishing the need for transfer, and a plaintiff's choice of forum "should not be lightly disturbed."  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d. Cir. 1995); Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).

The transfer statute expressly identifies certain criteria for a court to consider: convenience of parties, convenience of witnesses, and the interests of justice.  The Third Circuit articulated a more comprehensive list of public and private concerns implicated by § 1404(a) including: plaintiff's original choice of venue; defendant's forum preference, where the claim arose; convenience of the parties in light of their financial and physical condition; and the availability of witnesses in each of the fora.  Jumara, 55 F.3d at 878.[2]

The transfer analysis under 1404(a) differs "when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'"  Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. W. Dist. of Tex., – U.S. –, 134 S. Ct. 568, 581 (2013) (quotations omitted).  Parties to a forum selection clause waive their right to challenge the preselected forum on convenience grounds.  A court must deem the private-interest factors to weigh entirely in favor of the preselected forum.  Id.

---

[2] More specifically, private concerns include but are not limited to: (1) plaintiff's original choice of venue; (2) defendant's forum preference; (3) where the claim arose; (4) convenience to the parties in light of their financial and physical condition; (5) availability of witnesses in each of the fora; and (6) the location of books and records. Jumara, 55 F.3d at 879.  Public concerns include but are not limited to: (1) the ability of each forum to enforce the judgment; (2) practical considerations that would make trial more expeditious or inexpensive; (3) court congestion; (4) local interest in deciding the controversy; (5) public policies of each fora; and (6) familiarity with state law in diversity cases. Id.

A Section 1404(a) analysis does not support transfer. Because the License Agreement and Guaranty contained a valid forum-selection clause effectively designating New Jersey as the appropriate forum, the Court finds that the private interest factors weigh against transfer. See Ross University School of Medicine v. Amini, 13-6121, 2014 WL 29032 (D.N.J. Jan. 2, 2014) (citing Atlantic Marine, 134 S. Ct. at 581)). Moreover, Defendant Kerr, who bears the burden of establishing the need for transfer, has made no showing that the Jumara factors weigh in favor of transferring this case.

The party seeking a transfer has an obligation to support its motion with affidavits and other documentation, including specific declarations detailing the testimony of relevant witnesses outside the subpoena power of this Court. See, e.g., Hoffer v. Infospace.com, Inc., 102 F. Supp. 2d 556, 567 (D.N.J. 1992) (citing Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1988)). Kerr's only submission to this Court is a notice of motion containing a 4-sentence paragraph wherein he states that the case should be transferred because he never entered the State of New Jersey and because "[s]everal meetings with [Plaintiff] and "[e]xecution and delivery of documents" were conducted in Connecticut. Kerr failed to submit any sworn statement offering facts which would establish a need for transfer. Kerr also failed to identify any witnesses and previewed no testimony which could be outside the subpoena power of this Court, an essential factor in a transfer analysis. See Teleconference Sys., 676 F. Supp. 2d at 333 (citing In re Genentech. Inc., 566 F.3d 1338 (Fed. Cir. 2009)) (compulsory process over non-party witnesses has been referred to as the single most important factor in a 1404(a) analysis).

Kerr's brief submission is insufficient to carry his burden of showing that transfer is warranted.

Conversely, Plaintiff has chosen this forum, Defendants have contractually consented to venue here, Plaintiff's principal place of business is located here, and the case is already proceeding here.

## CONCLUSION

For the reasons set forth above, Defendant Kerr's motion to transfer [CM/ECF No. 8] is **DENIED**.

s/Mark Falk                  
**MARK FALK**
**United States Magistrate Judge**

**DATED: June 27, 2014**